IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY L. BALL, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3224 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | MEMORANDUM AND |
| CORRECTIONS, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the court on its own motion. Petitioner was denied leave to proceed in forma pauperis and was instructed to pay the $5.00 filing fee. (Filing No. 10.) The court gave Petitioner until December 30, 2007 to pay the court's filing fee. (Filing No. 15.) On December 26, 2007, Petitioner filed with the court an inmate request reflecting that on November 28, 2007 he asked for a check to pay the $5.00 filing fee. (Filing No. 17.) Attached to Petitioner's inmate request is a receipt from Petitioner's institution indicating that the check was processed on December 12, 2007. (Filing No. 17.) However, the court has still not received the $5.00 filing fee and will not complete further review of Petitioner's complaint until Petitioner pays the filing fee. Therefore, by March 14, 2008, Petitioner shall pay the filing fee.

Additionally, Petitioner has filed with the court numerous filings titled Supplements. (*See* Filing Nos. 8, 9, 14, 16, & 18.) Rule 2(d) of *Rules Governing Section 2254 Cases in the United States District Courts* states that a petition "must substantially follow either the form appended to these rules or a form prescribed by local district-court rule." Petitioner's "Supplements" do not comply with this rule and will be stricken from the record.

If Petitioner wishes to amend his Petition for Writ of Habeas Corpus he may do so once as a matter of course at any time before a responsive pleading is served, otherwise Petitioner may amend only by requesting leave of court. *See* Rule 11 of *Rules Governing Section 2254 Cases in the United States District Courts* (stating that "[t]he Federal Rules of Civil Procedure to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules"); Fed. R. Civ. P. 15(a). If Petitioner chooses to file an amended petition as a matter of course, the amended petition must be filed on the Form AO241, Petition for Relief From a Conviction or Sentence By a Person in State Custody. In addition to including any new claims, the amended petition must *entirely* repeat the original petition. Upon the filing of the amended petition, that document will be the operative Petition in this action and will supercede Petitioner's original Petition. Therefore, failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until March 14, 2008 to pay the $5.00 filing fee. Petitioner is again warned that if the fee is not paid as required, the court may dismiss this case without further notice.

2. After payment of the filing fee, Petitioner may file an amended petition on the Form AO241, Petition for Relief From a Conviction or Sentence By a Person in State Custody. In addition to any new claims in the amended petition Petitioner shall *entirely* repeat the original petition.

3. The Clerk of the court is directed to send to Petitioner the Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

    4.    The Clerk of the court is directed to Strike filings no. 8, 9, 14, 16, & 18 from the record.

    5.    The Clerk of the court is directed to terminate the previous pro se case management deadline and set a new deadline using the following text: March 14, 2008: deadline for petitioner to pay $5.00 filing fee.

    February 27, 2008.    BY THE COURT:

                                    *s/Richard G. Kopf*
                                    United States District Judge