IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY L. BALL, | ) | |
| | ) | 4:07CV3224 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| NEBRASKA DEPARTMENT OF | ) | **AND ORDER** |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Request for Additional Documents (filing no. 31), Motion to Appoint Counsel (filing no. 33), and Motion for Evidentiary Hearing (filing no. 34).

The court denied Petitioner's previous request for the appointment of counsel (filing no. 3) on March 26, 2008. (Filing No. 24.) In that Order the court stated that:

> "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

(Filing No. 24 at CM/ECF p. 3.)

Upon review of Petitioner's Motions and the pleadings, the circumstances have not changed significantly enough to require the appointment of counsel or an evidentiary hearing at this time. Therefore, Petitioner's Motion to Appoint Counsel (filing no. 33), and Motion for Evidentiary Hearing (filing no. 34) are denied.

Also pending before the court is Petitioner's Request for Additional Documents. (Filing No. 31.) In this Motion, Petitioner asks Respondent to file additional state court documents from the "Original Court Transcript," the "Post Conviction Transcript," and "Nebraska Supreme Court Filings." Respondent has not objected to Petitioner's request, nor given the court any indication that the requested documents are not relevant to this matter. Therefore, Petitioner's Request for Additional Documents is granted, and Respondent shall have 30 days to file the requested documents. Petitioner shall then have until August 25, 2008 to reply to Respondent's Motion for Summary Judgment. Respondent shall then have until September 24, 2008 to file and serve a reply brief in response to Petitioner's reply to Respondent's Motion for Summary Judgment.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Evidentiary Hearing (filing no. 34) is denied.

2. Petitioner's Motion to Appoint Counsel (filing no. 33) is denied.

3. Petitioner's Request for Additional Documents (filing no. 31) is granted.

4. Respondent shall file the requested documents in filing no. 31 no later than July 24, 2008.

5. Petitioner shall have until August 25, 2008, to reply to Respondent's Motion for Summary Judgment.

6. Respondent shall then have until September 24, 2008 to file and serve a reply brief in response to Petitioner's reply to Respondent's Motion for Summary Judgment.

7. The Clerk of court is directed to set a pro se case management deadline using the following language: "Habeas ripe for decision on or around September 24, 2008."

June 26, 2008.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge