IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY L. BALL, | ) | |
| | ) | 4:07CV3224 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| NEBRASKA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on six separate pending Motions. Petitioner has filed four motions. (Filing Nos. 37, 43, 46, 50.) Respondent has filed a Motion to Strike (filing no. 40) and a Motion to Substitute Party (filing no. 42).

### *Petitioner's Motion for Injunction*

    Petitioner filed a Motion for Injunction. (Filing No. 37.) In this Motion, Petitioner seeks a permanent injunction that prevents the Nebraska Department of Corrections ("DCS") from opening Petitioner's legal mail outside of his presence. (*Id*. at CM/ECF p. 1-3.) Petitioner's Motion questions the validity of the DCS's legal mail procedures, and relates directly to the conditions of his confinement. (*Id*. at CM/ECF p. 3.)

    A claim that seeks a remedy for a prisoner's conditions of confinement must be presented as an action under 42 U.S.C. § 1983, and not as an action for habeas relief. *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *see also Clark v. Bakewell*, No. 4:07CV166, 2007 WL 2572442 *5 (D. Neb. Sept. 5, 2007) (denying the petitioner's requested relief relating to mail tampering in a habeas proceeding). Because Petitioner's Motion for Injunction (filing no. 37) relates to the conditions of his confinement, it cannot be presented in this habeas proceeding, and therefore it

must be denied.

### *Respondent's Motion to Strike and Petitioner's Objection to Respondent's Motion to Strike*

Also pending before the court is Respondent's Motion to Strike and Petitioner's Objection to that Motion. (Filing Nos. 40, 43.) Respondent's Motion asks the court to strike Petitioner's Motion for Injunction (filing no. 37) and three other pleadings (filing nos. 28, 29, 36) that relate to DCS mail procedures. (Filing No. 40 at CM/ECF p. 1.) Respondent argues that, because these pleadings are outside the scope of 28 U.S.C. § 2254, they should be stricken from the record. (*Id.* at CM/ECF p. 1.)

The court has carefully reviewed the record and determined that the documents in filings 28, 29, and 36 are the same grievance procedures that are included in filing number 37. Because these documents are duplicate filings, they shall be stricken from the record. However, there is no need to strike filing number 37 from the record because the court has denied it, as set forth above. Therefore, Respondent's Motion to Strike (filing no. 40) is granted as to filings 28, 29, and 36, and denied as to filing 37. Also, because the court denied Petitioner's request for an injunction above, Petitioner's Objection (filing no. 43) is denied as moot.

### *Petitioner's Motions to Appoint Counsel*

Petitioner also filed a Motion to Appoint Counsel with a Request for an Evidentiary Hearing (filing no. 46), and an additional Motion to Appoint Counsel (filing no. 50). "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's

ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record in this matter and finds that there is no need for the appointment of counsel or an evidentiary hearing at this time.

### *Respondent's Motion to Substitute Party*

Respondent has filed a Motion to Substitute Party. (Filing No. 42.) Petitioner is currently in the custody of DCS Director, Robert Houston. Because a habeas proceeding is an official capacity proceeding against the individual who holds a petitioner in custody, substitution is warranted. Respondent's Motion to Substitute Party (filing no. 42) is therefore granted.

IT IS THEREFORE ORDERED:

1. Petitioner's Motion for Injunction (filing no. 37) is denied.

2. Petitioner's Motions to Appoint Counsel and his Request for an Evidentiary Hearing (filing nos. 46, 50) are denied without prejudice to reassertion.

3. Respondent's Motion to Strike (filing no. 40) is granted as to filings 28, 29, and 36, and denied as to filing 37. The Clerk of the court is directed to strike filings 28, 29, and 36 from the record as duplicative.

4. Petitioner's Objection to Respondent's Motion to Strike (filing no. 43) is denied as moot.

5. Respondent's Motion to Substitute Party ([filing no. 42](#)) is granted. The Clerk of the court is directed to substitute "Robert Houston" as Respondent in this action in place of "Nebraska Department of Corrections."

August 29, 2008              BY THE COURT:

*s/Richard G. Kopf*
United States District Judge